**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| WORKING WASHINGTON, | No. 12-35622 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00566-JCC |
| v. |  |
| CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY, | MEMORANDUM[*] |
| Defendant - Appellee. |  |

Appeal from the United States District Court
for the U.S. District Court for Western Washington, Seattle
John C. Coughenour, District Judge, Presiding

Argued and Submitted March 8, 2013
Seattle, Washington

Before: EBEL,[**] W. FLETCHER, and RAWLINSON, Circuit Judges.

This appeal arises from the district court's denial of Working Washington's

motion for a preliminary injunction. We affirm the district court and remand for

proceedings consistent with this memorandum.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable David M. Ebel, Senior Circuit Judge for the Tenth Circuit,
sitting by designation.

In brief, to raise revenue, Central Puget Sound Regional Transit Authority ("Sound Transit") authorizes the placement of advertisements on or at Sound Transit facilities pursuant to the restrictions contained in its advertising policy ("Policy").[1] The Policy, in relevant part, provides that:

> 3.3 Sound Transit will apply the following restrictions to any advertising on or at its facilities:
>
> (a) Sound Transit will restrict advertising consistent with its interests in raising revenue, maintaining a safe and welcoming environment for its customers, and maintaining a position of neutrality on political, religious and controversial matters. . . .
>
> (b) The following forms of paid and unpaid advertising will not be permitted for placement or display on Sound Transit facilities, buses, or rail vehicles:
>
> . . .
>
> Political. Sound Transit reasonably believes that the advertisement or any material contained in it, promotes or appears to promote any candidate for office, any political party or promotes or implies position on any proposition, referendum, proposed or existing laws, or other ballot measures.

---

[1] Sound Transit contracts with an advertising agency, Clear Channel Outdoor, Inc. ("Clear Channel"), that is involved in arranging for the placement of advertisements in or on the Sound Transit facilities. The district court found that Clear Channel is an agent of Sound Transit. Moreover, the parties do not raise any issues specifically related to Clear Channel on appeal. Accordingly, for purposes of this appeal, we will attribute any actions taken by Clear Channel to Sound Transit.

Working Washington, a nonprofit coalition, submitted to Sound Transit an advertisement designed to "raise awareness about low-paying jobs at Seattle-Tacoma Airport" ("Advertisement" or "Airport Ad"). Because Sound Transit determined the Airport Ad to be controversial and political, in violation of the provisions of its Policy, Sound Transit rejected the Advertisement.

In response, Working Washington filed this lawsuit against Sound Transit, arguing that the rejection of the Advertisement violated Working Washington's rights under the First Amendment. Working Washington also sought a preliminary injunction requiring Sound Transit to run the Airport Ad. The district court denied Working Washington's motion for a preliminary injunction on the basis that Working Washington had not met the burden required to establish that the court should issue a disfavored mandatory preliminary injunction. To support its ruling denying a preliminary injunction to Working Washington, the district court ultimately relied on Section 3.3(a) of the Policy, which articulates Sound Transit's policy of "maintaining a position of neutrality on political . . . and controversial matters."

Working Washington timely appealed the district court's order denying injunctive relief, and we have jurisdiction to review the order under 28 U.S.C. § 1292(a)(1).

"A mandatory injunction orders a responsible party to take action," and therefore "goes well beyond simply maintaining the status quo." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009) (citations omitted) (internal quotation marks omitted). Accordingly, mandatory injunctions are "particularly disfavored." Id. (internal quotation marks omitted). Thus, "mandatory preliminary relief is subject to heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party." Dahl v. HEM Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993) (emphasis added) (internal quotation marks omitted). Working Washington seeks a disfavored mandatory injunction that would compel Sound Transit to take action by posting the Advertisement; accordingly, Working Washington must demonstrate that the law and facts clearly favor granting the injunction.

To determine if a movant has established a likelihood of success on a free speech claim, this court must consider what type of forum is at issue, the appropriate level of scrutiny for that forum, and whether the restriction

4

on speech withstands that scrutiny. <u>Children of the Rosary v. City of Phoenix</u>, 154 F.3d 972, 976 (9th Cir. 1998). In this case, the parties do not challenge on appeal the district court's determination that the advertising forum is a limited public forum. "In limited public fora, a lenient reasonableness standard applies to determine the validity of governmental regulations." <u>Cogswell v. City of Seattle</u>, 347 F.3d 809, 814 (9th Cir. 2003). Under this test, the government "can restrict access to a limited public forum as long as (1) the restriction does not discriminate according to the viewpoint of the speaker, and (2) the restriction is reasonable." <u>Id</u>.

In this case, the district court correctly articulated the legal standard. Moreover, the court did not rest its decision to deny injunctive relief on any clearly erroneous findings of fact. Under the deferential standard with which we review decisions on preliminary injunctions, we conclude that the district court did not err in determining that, at this stage in the proceedings, Working Washington has not adequately demonstrated that Sound Transit's denial of the Advertisement was unreasonable or viewpoint discriminatory. Nor has Working Washington adequately established that the Policy vests impermissible discretion in Sound Transit or that the Policy was applied to the Advertisement in an arbitrary or discriminatory fashion.

5

Because the facts and law do not "clearly favor" Working Washington at this stage of the litigation, see Dahl, 7 F.3d at 1403, Working Washington has not made an adequate showing that a disfavored mandatory preliminary injunction should issue.

**CONCLUSION**

For the foregoing reasons, we affirm the district court's denial of Working Washington's motion for preliminary injunction and remand for proceedings consistent with this memorandum.

**AFFIRMED; REMANDED**

FILED

JUL 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Working Washington v. Central Puget Sound Regional Transit*
**Case No. 12-35622**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.